# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PAUL F. MITCHELL,<br>Plaintiff, | : | |
| v. | : | CIVIL ACTION NO. 18-CV-5636 |
| KEVIN KAUFFMAN, *et al.*,<br>Defendants. | : | |

**MEMORANDUM**

TUCKER, J.                                                                     FEBRUARY 26, 2019

*Pro se* Plaintiff Paul F. Mitchell, who is currently incarcerated at the Curran-Fromhold Correctional Facility ("CFCF"), has filed this civil action pursuant to 42 U.S.C. § 1983 against Kevin Kauffman, Superintendent of SCI Huntingdon; Connie Green, Assistant Superintendent and Grievance Coordinator of SCI Huntingdon; R. Goss, the Manager of Psychology at SCI Huntingdon; K. Butterbaugh and K. Fisher, psychologists at SCI Huntingdon; Linda Girard, the Pennsylvania Board of Probation and Parole ("PBPP") Supervisor at SCI Huntingdon; Suzann Keiser, the IPA at SCI Huntingdon; Mary Kate O'Neill, Chad Boughter, Gregory Thomas, Caitlin McLaughlin, and Christian M. Stephens, all of whom are employed by the PBPP in Philadelphia; and Megan M. Dade, the Executive Director of the Pennsylvania Sex Offenders Assessment Board. (ECF No. 2.) Mitchell has also filed a Memorandum of Law (ECF No. 8), a Motion for Reconsideration (ECF No. 9), a Declaration (ECF No. 10), a Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 11), his Prisoner Trust Fund Account Statement (ECF No. 12), and a "Motion for Order to Show Cause for a Preliminary Injunction and a Temporary Restraining Order" (ECF No. 13). For the following reasons the Court will grant Mitchell leave to proceed *in forma pauperis*, treat his Complaint, Memorandum of Law, and Declaration as a

single Complaint, transfer Mitchell's claims against the SCI Huntingdon Defendants to the Middle District of Pennsylvania, and dismiss his remaining claims with leave to amend. The Court will also deny Mitchell's remaining Motions.

I. FACTS

In 2016, Mitchell was convicted of unlawful sexual contact with a minor, assault, and criminal trespass and sentenced to 17 to 40 months in prison, as well a term of probation for up to 7 years. *See Commonwealth v. Mitchell*, No. CP-51-CR-0008193-2015 (Phila. Ct. Common Pleas). The docket reflects that on November 16, 2018, a probation violation detainer was issued. *Id.* On November 20, 2018, Judge Frank Palumbo granted the motion to revoke Mitchell's probation. *Id.* However, his sentencing for the probation revocation has been deferred for preparation of a pre-sentence investigation report as well as a mental health evaluation. *Id.*

Mitchell's Complaint indicates that he served his sentence at SCI Huntingdon, where he alleges he was forced to participate in the sex offender program. Mitchell raises claims regarding officials' decision to classify him as a sex offender and to mandate that he participate in such program. He also appears to assert claims concerning discrimination and retaliation that he allegedly experienced while incarcerated at SCI Huntingdon. Mitchell also takes issue with the fact that PBPP employees in Philadelphia forced him to choose between signing special conditions of probation, one of which involved attendance at programming at the Joseph Peters Institute, or be incarcerated for failing to sign. Mitchell seeks damages, as well as unspecified declaratory and injunctive relief.

2

## II. STANDARD OF REVIEW

The Court will grant Mitchell leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[1] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* The Court may also consider matters of public record. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). As Mitchell is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Moreover, Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted).

---

[1] However, as Mitchell is a prisoner, he will be obligated to pay the $350.00 filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

### III. DISCUSSION

#### A. Failure to Comply with Federal Rules of Civil Procedure 8 and 10

As noted above, Mitchell has submitted several documents which he relies upon to set forth his claims. Although the Court has treated those documents collectively as Mitchell's Complaint, his filings do not comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. As the Court has previously informed Mitchell, *see Mitchell v. Quinn*, Civ. A. No. 17-3730 (E.D. Pa.), the purpose of these rules is to make clear to the Court and the defendants the factual basis for a plaintiff's claims so that the defendants can meaningfully respond to those claims. *See, e.g., Fabian v. St. Mary's Med. Ctr.*, No. Civ.A. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) ("Federal Rule of Civil Procedure 8 requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue.") (quotations omitted); *Young v. Centerville Clinic, Inc.*, No. Civ.A. 09-325, 2009 WL 4722820, at *3 (W.D. Pa. Dec. 2, 2009) ("The purpose of Rule 10 is to create clarity in pleadings, which allows a defendant and the Court to determine whether there are sufficient facts to support a claim entitling a plaintiff to relief."). To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011) ("Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief,' and 'a demand for the relief sought.'") (quoting Fed. R. Civ. P. 8(a)(2), (3)); *see also id.* ("Each averment must be 'simple, concise, and direct.'") (quoting Fed. R. Civ. P. 8(d)(1)). "This standard operates in tandem with that of Rule 10," which requires that a pleading contain a caption with the Court's name and the names of the

parties, and that claims be listed in numbered paragraphs. *Fabian*, 2017 WL 3494219, at *3 (citing Fed. R. Civ. P. 10).

Rather than raising his allegations in one pleading with a caption and numbered paragraphs that conforms to the Federal Rules of Civil Procedure, Mitchell has submitted several documents in a piecemeal fashion. Once again, he has made it difficult to understand the basis for his lawsuit and the nature of his claims against each Defendant. No Defendant could be expected to meaningfully respond to Mitchell's filings without having to guess at his claims. Although the Complaint could be dismissed on that basis alone, the Court has done its best to understand the gist of Mitchell's allegations and will address his claims below.

### B. Wrongful Conviction Claims

As he did in Civil Action No. 17-3730, Mitchell appears to be raising claims based on his belief that he was wrongfully convicted. However, "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Accordingly, if Mitchell seeks release from custody, he must pursue his claims in a *habeas* case after exhausting his state remedies.

Furthermore, "to recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)

5

(footnote and citation omitted); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." (emphasis omitted)). The doctrine set forth in *Heck* has been extended to civil rights cases challenging parole and probation revocations. *See Williams v. Consovoy*, 453 F.3d 173, 177 (3d Cir. 2006); *Burton v. Delaware Cty. Court House*, No. 12-4175, 2012 WL 3223691, at *2 (E.D. Pa. Aug. 7, 2012). As Mitchell's convictions and sentences have not been reversed, expunged, or otherwise invalidated, any claims that challenge his convictions are not currently cognizable under § 1983. In other words, Mitchell cannot raise claims challenging the constitutionality of any aspect of the proceedings leading to his convictions and sentences at this time.

### C. Claims Against SCI Huntingdon Defendants

As noted above, Mitchell raises claims concerning events that occurred during his incarceration at SCI Huntingdon. He asserts these claims against Kauffman, Green, Goss, Butterbaugh, Fisher, Girard, and Keiser. SCI Huntingdon is in Huntingdon County, within the Middle District of Pennsylvania. *See* 28 U.S.C. § 118(b). Accordingly, because there is no apparent basis for venue for these claims in this District, and because the Defendants are located there, the Court will transfer Mitchell's claims against these Defendants to the United States District Court for the Middle District of Pennsylvania. *See* 28 U.S.C. §§ 1391(b) & 1406(a); *Lafferty v. St. Riel*, 495 F.3d 72, 74-75 & n.3 (3d Cir. 2007) (declining to disturb district court's *sua sponte* transfer under § 1406(a)); *Decker v. Dyson*, 165 F. App'x 951, 954 n.3 (3d Cir. 2006) (district court may *sua sponte* transfer case under § 1406(a)).

6

### D. Claims Against the PBPP Defendants in Philadelphia

Mitchell appears to assert constitutional violations against Defendants O'Neill, Boughter, Thomas, McLaughlin, and Stephens, all of whom are employed by PBPP in Philadelphia. Specifically, Mitchell appears to suggest that these individuals harassed him, retaliated against him, and violated his right to access the courts. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). As discussed below, Mitchell's Complaint fails to state a cognizable claim for relief at this time.

"Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *see also Powell v. Weiss*, 757 F.3d 338, 346 (3d Cir. 2014). Supervisors may be liable for a constitutional violation if they established and maintained a policy, practice or custom that caused the constitutional violation, or if they participated in violating plaintiff's rights, directed others to violate them, or had knowledge of and acquiesced in their subordinates' violations. *See Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 320 (3d Cir. 2014), *reversed on other grounds, Taylor v. Barkes*, 135 S. Ct. 2042 (2015). Here, Mitchell has not alleged sufficient facts to establish a basis for liability under any theory. Mitchell has failed to adequately describe how O'Neill, Boughter, Thomas, McLaughlin, and Stephens were personally involved in the alleged violations of his constitutional rights, or clearly explain the basis for his claims against them. In other words, because of the confusing manner in which Mitchell has submitted his claims, the Court cannot determine whether he has set forth a plausible claim against these individuals at this time.

7

### E. Claims Against Megan M. Dade

Finally, Mitchell has sued Dade, the Executive Director of the Pennsylvania Sex Offenders Assessment Board. He claims that she violated his Eighth and Fourteenth Amendment rights when the Defendants "ignored an obvious and serious danger (special conditions of PBPP) where DOC/PBPP officials were responsible for the unnecessary and wanton infliction of pain." (ECF No. 8-1 at 10.) Mitchell, however, has failed to set forth facts regarding how Dade was personally involved in the alleged violations of his Eighth and Fourteenth Amendment rights. Accordingly, his claims against her will be dismissed at this time.

## IV. MITCHELL'S MOTIONS

As noted above, Mitchell has filed a Motion for Reconsideration. (ECF No. 9.) However, he does not explicitly state what Order he seeks reconsideration of. Instead, most of the Motion appears to reiterate the claims Mitchell has set forth in his various documents. By Order entered on January 9, 2019, the Court denied without prejudice Mitchell's first Motion for Leave to Proceed *In Forma Pauperis* because he had failed to submit a copy of his entire prisoner account statement for the six-month period preceding filing of his Complaint. (ECF No. 5.) However, because Mitchell has since submitted a new prisoner account statement, there is no need for the Court to reconsider this Order. Accordingly, the Court will deny as moot Mitchell's Motion for Reconsideration.

Mitchell has also filed a "Motion for Order to Show Cause for a Preliminary Injunction and a Temporary Restraining Order." (ECF No. 13.) In his Motion, he seeks "an injunction to stop the defendants from harming [him]." (*Id.* at 1.) He also would "like an injunction to make the defendants do something to improve conditions, and care in the prison." (*Id.*) A plaintiff

8

seeking a preliminary injunction or temporary restraining order "must establish that (A) [he is] likely to succeed on the merits of [his] claims, (B) [he is] likely to suffer irreparable harm without relief, (C) the balance of harms favors [him], and (D) relief is in the public interest." *Issa v. Sch. Dist. of Lancaster*, 847 F.3d 1231, 131 (3d Cir. 2017) (citing *Ferring Pharm., Inc. v. Watson Pharm., Inc.*, 765 F.3d 205, 210 (3d Cir. 2014)); *see also Bieros v. Nicola*, 857 F. Supp. 445, 446 (E.D. Pa. 1994). To the extent Mitchell is seeking a preliminary injunction against the SCI Huntingdon Defendants, his Motion will be denied without prejudice to his right to request such relief from the United States District Court for the Middle District of Pennsylvania. To the extent Mitchell is seeking a preliminary injunction against the remaining Defendants, he has not demonstrated that he is likely to succeed on the merits of his claims against them. Accordingly, his Motion will be denied without prejudice with respect to them as well.

## V. CONCLUSION

For the foregoing reasons, the Court will grant Mitchell leave to proceed *in forma pauperis*. Mitchell's wrongful conviction claims, which are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), will be dismissed without prejudice to his right to reassert those claims in a new lawsuit if his convictions and sentences are invalidated in the future. Mitchell's claims against Defendants Kauffman, Green, Goss, Butterbaugh, Fisher, Girard, and Keiser concerning events that occurred at SCI Huntingdon will be transferred to the United States District Court for the Middle District of Pennsylvania. Mitchell's claims against Defendants O'Neill, Boughter, Thomas, McLaughlin, Stephens, and Dade will be dismissed without prejudice for failure to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure as well as for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Mitchell will be granted leave to file an amended complaint in this matter with respect to his claims against Defendants O'Neill,

9

Boughter, Thomas, McLaughlin, Stephens, and Dade if he can cure the defects noted above. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). Mitchell's Motion for Reconsideration (ECF No. 9) will be denied as moot, and his "Motion for Order to Show Cause for a Preliminary Injunction and a Temporary Restraining Order" (ECF No. 13) will be denied without prejudice at this time. An appropriate Order follows.

**BY THE COURT:**

*[signature]*

**PETRESE B. TUCKER, J.**